EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Noelma Colón Cordovés | 2016 TSPR 94<br><br>195 DPR ____ |

Número del Caso: TS-12,457

Fecha: 16 de mayo de 2016

Oficina de Inspección de Notarías:

Lcdo. Manuel E. Ávila de Jesús
Director

Materia: Conducta Profesional – La suspensión será efectiva el 18 de mayo de 2016, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Noelma Colón Cordovés                     TS-12,457        Conducta
                                                          Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 16 de mayo de 2016.

En atención al siguiente marco fáctico que revela una reiterada desatención a los requerimientos de la Oficina de Inspección de Notarías y de este Tribunal, así como por no mantener actualizada su información en el Registro Único de Abogados, suspendemos inmediata e indefinidamente a la Lcda. Noelma Colón Cordovés del ejercicio de la abogacía y de la notaría. Veamos.

## I

El **16 de marzo de 2015** el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (Director de la ODIN), presentó un *Informe Especial sobre Incumplimiento de la Ley Notarial y su Reglamento y en Solicitud de Remedios*, relacionado

al incumplimiento de la Lcda. Noelma Colón Cordovés (licenciada Colón Cordovés) con algunos de sus deberes ministeriales en calidad de notaria.[1] Específicamente, el Director de la ODIN expuso que el **31 de octubre de 2014** le dirigió una carta por correo certificado con acuse de recibo a la abogada de epígrafe en la cual le informó que adeudaba un total de treinta y ocho (38) Índices de Actividad Notarial Mensual, así como Informes Estadísticos de Actividad Notarial Anual desde el año 2004 hasta el año 2013. En vista de lo anterior, se le concedió un término de diez (10) días calendario a la licenciada Colón Cordovés para rendir todos los documentos adeudados a la ODIN y expresar las razones de su reiterada inobservancia. Además, se le apercibió sobre la gravedad de su conducta, así como de las consecuencias disciplinarias que podría acarrear tal incumplimiento. La notificación aludida le fue remitida a la dirección de notificaciones que aparecía en el Registro Único de Abogados (RUA).

Ante la devolución de la primera carta dirigida a la letrada por el Servicio Postal de los Estados Unidos, USPS por sus siglas en inglés, el **16 de enero de 2015** se le envió una segunda notificación vía correo certificado y vía correo ordinario.[2] En esta oportunidad, el Director de la ODIN le

---

[1] La Lcda. Noelma Colón Cordovés fue admitida al ejercicio de la abogacía el 16 de julio de 1998 y prestó juramento como notaria el 4 de diciembre de ese mismo año.

[2] El Servicio Postal de los Estados Unidos (USPS) devolvió la referida carta por la siguiente razón: "*Undeliverable as Addressed - Addressee Unknown*". Cabe señalar que del expediente personal de la letrada surgen otras notificaciones devueltas por el USPS, desde el año 2009, ya sea por dirección insuficiente ("*Insufficient Address*") o por destinatario desconocido ("*Addressee Unknown, Return to Sender*").

concedió hasta el **viernes, 6 de febrero de 2015** para verificar su cumplimiento con los requerimientos de esa dependencia. Once (11) días más tarde, el **27 de enero de 2015**, la segunda carta remitida a la licenciada Colón Cordovés fue igualmente devuelta.[3]

En otras gestiones, el Director de la ODIN le envío una tercera comunicación el **11 de febrero de 2015** por correo ordinario a la dirección postal personal que consta en el RUA. Esta carta, a diferencia de las anteriores, no fue devuelta. Asimismo, el **5 de marzo de 2015** se llamó al número de teléfono que surge del RUA, pero la persona que contestó expresó que no era la licenciada Colón Cordovés y que ese número le pertenecía a ella y no a la letrada.

Examinado el referido Informe presentado por el Director de la ODIN, el **29 de mayo de 2015** emitimos una Resolución, mediante la cual le otorgamos a la abogada un término de quince (15) días para que mostrara causa por la cual no debía ser suspendida indefinidamente del ejercicio de la abogacía y de la notaría, ni multada al amparo del Artículo 62 de la Ley Notarial, 4 LPRA sec. 2102 (2010). Además, se le concedió un término de cinco (5) días para que cumpliera con sus deberes ministeriales y presentara tanto los índices notariales mensuales como los informes notariales anuales adeudados, actualizara su información en el RUA y sometiera evidencia acreditativa del pago de su Fianza Notarial desde el año 2011 hasta el año 2015. Esta Resolución le fue notificada

---

[3] En esta ocasión el USPS consignó que el motivo de la devolución fue: "*Attempted – Not Known, Unable to Forward*".

personalmente a través de la Oficina del Alguacil de este Tribunal el **15 de junio de 2015.**[4]

Ante la inercia de la licenciada Colón Cordovés, el **28 de julio de 2015** el Director de la ODIN presentó una *Moción Notificando Incumplimiento de Orden*. En su escrito nos informó que habían vencido todos los términos que le fueran concedidos a la abogada, sin que ésta tomara acción alguna para cumplir con nuestros requerimientos. Por tal razón, solicitó que tomáramos conocimiento de la conducta desplegada por la licenciada Colón Cordovés y que emitiéramos cualquier pronunciamiento procedente en Derecho.

## II

### A. Conducta del Abogado ante los Tribunales y ante las Entidades Judiciales

Los abogados admitidos a la práctica de la profesión, por ser funcionarios de este Tribunal, están llamados a respetar, obedecer y responder diligentemente nuestras órdenes. In re Santaliz Martell, 2016 TSPR 45, 194 DPR ___ (2016); In re Santiago Rodríguez, 2016 TSPR 43, 194 DPR ___ (2016); In re Rodríguez Zayas, 2015 TSPR 175, 194 DPR ___ (2015). Así pues, el Canon 9 del Código de Ética Profesional formula esta obligación y dispone, en lo que nos concierne, que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9 (2012). Consistente con lo anterior, procede suspender inmediata e indefinidamente de la práctica de la abogacía en

---

[4] Surge del diligenciamiento de esta Resolución que la abogada de epígrafe alegadamente llevaba varios años sin ejercer la profesión legal.

nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias. In re Santiago Rodríguez, *supra*; In re López Santos, *et al.*, 2016 TSPR 37, 194 DPR ___ (2016).

"Idéntica consecuencia supone el incumplir con los requerimientos de entidades a las cuales le hemos delegado alguna función en la tarea de regular el ejercicio de la profesión, como lo son la Oficina de la Procuradora General, la Oficina de Inspección de Notarías y la Junta del P[rograma de] E[ducación] J[urídica] C[ontinua]".[5] In re Ezratty Samo, *et al.*, 2016 TSPR 19, 194 DPR ___ (2016). Véanse, además, In re Bello Rivera, 192 DPR 812 (2015) e In re Ponce Ponce, 190 DPR 504 (2014). El menosprecio desplegado hacia los requerimientos de cualquiera de estas entidades públicas posee el mismo efecto disruptivo en nuestra función reguladora de la profesión, que cuando se ignora una orden emitida directamente por este Tribunal. In re Rodríguez Zayas, *supra*; In re Maldonado Nieves, 192 DPR 973 (2015); In re Ponce Ponce, 190 DPR 504 (2014).

### B. Actualización de la Información en el RUA

De conformidad con la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j) (2012) (Regla 9(j)) todo abogado autorizado a postular en nuestro Foro,

---

[5] Los notarios tienen la obligación de dar fiel cumplimiento a las disposiciones de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq*. (2010 y Sup. 2015) y a su Reglamento, 4 LPRA Ap. XXIV, R. 1 *et seq*. (2012). Además, éstos tienen que desempeñar su ministerio con sumo cuidado, esmero, diligencia y estricto celo profesional. In re Santaliz Martell, 2016 TSPR 45, 194 DPR ___ (2016); In re Santiago Rodríguez, 2016 TSPR 43, 194 DPR ___ (2016). Como consecuencia, el incumplir con estos deberes y obligaciones los sujeta a la facultad disciplinaria de este Tribunal. In re Santaliz Martell, *supra*; In re Santiago Rodríguez, *supra*.

posee la obligación de mantener actualizada su información personal en la base de datos del RUA. Dicha información incluye: la dirección postal personal y de su oficina; la dirección seleccionada para recibir las notificaciones; su dirección electrónica y números de teléfono. Véanse, In re Álvarez Westwood, *et al.*, 2016 TSPR 46, 194 DPR ___ (2016); In re López Santos, *et al.*, *supra*; In re Nieves Vázquez, *et al.*, 2016 TSPR 22, 194 DPR ___ (2016); e In re Ezratty Samo, *et al.*, *supra*. El cumplimiento cabal con la Regla 9(j) permite que los miembros de la clase togada atiendan con prontitud las comunicaciones que se le remitan. In re Nieves Vázquez, *et al.*, *supra*. "Lo anterior garantiza que podamos ejercer eficazmente nuestra facultad de velar porque la clase togada cumpla con sus obligaciones ético-profesionales". In re Ezratty Samo, *et al.*, *supra*. Fallar en el cumplimiento de esta disposición reglamentaria obstaculiza nuestra jurisdicción disciplinaria y, por tanto, representa fundamento suficiente para decretar la separación inmediata e indefinida del ejercicio de la abogacía. In re Álvarez Westwood, *et al.*, *supra*.

## III

El Director de la ODIN intentó, a través de diversas gestiones, comunicarle a la licenciada Colón Cordovés sobre su incumplimiento con los deberes legales impuestos tanto por la Ley Notarial de Puerto Rico, 4 LPRA sec. 2001 *et seq.* (2010 y Sup. 2015), como por su Reglamento, 4 LPRA Ap. XXIV, R. 1 *et seq.* (2012). Sin embargo, éstas resultaron infructuosas. Habida cuenta que la letrada no actualizó su

dirección postal en la base de datos del RUA, las notificaciones llegaron devueltas por el USPS. Lo anterior motivó que interviniéramos para concederle un término con el propósito de que cumpliera con los requerimientos de la ODIN y con la Regla 9(j) de nuestro Reglamento.

Al presente la licenciada Colón Cordovés, quien estaba apercibida de las consecuencias que podría acarrear su desatención a las órdenes de este Tribunal, no ha comparecido.

Es pertinente destacar que, en este caso, la abogada expresó al Alguacil que diligenció la Resolución de 29 de mayo de 2015 que alegadamente llevaba años sin ejercer la profesión. Si esa era la circunstancia particular de la letrada, bien pudo haber solicitado el cambio de estatus a abogada inactiva en el RUA, de conformidad con nuestra Resolución de 30 de septiembre de 2011, ER-2011-04, In re R. 4 Prog. Educ. Jur. Cont., 183 DPR 48 (2011). En su lugar, optó por desatenderse e ignorar los deberes que impone la profesión legal en nuestra jurisdicción.

**IV**

En vista del craso incumplimiento de la Lcda. Noelma Colón Cordovés con los requerimientos de la ODIN, con la Resolución de este Tribunal, así como con la obligación que dimana de la Regla 9(j) de nuestro Reglamento, decretamos su **suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría a partir de su notificación.**

Por tal razón, le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos.

Asimismo, se le ordena que devuelva a sus clientes tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Se le impone, además, la obligación de informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la Lcda. Noelma Colón Cordovés y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese **personalmente** esta Opinión *Per Curiam* y Sentencia a la Lcda. Noelma Colón Cordovés a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Noelma Colón Cordovés                                         Conducta
                                    TS-12,457              Profesional


SENTENCIA


En San Juan, Puerto Rico a 16 de mayo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Noelma Colón Cordovés del ejercicio de la abogacía y de la notaría a partir de su notificación.

La Lcda. Noelma Colón Cordovés deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. Asimismo, tendrá la obligación de informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, deberá acreditar y certificar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial de la Lcda. Noelma Colón Cordovés y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese la Opinión *Per Curiam* que antecede y esta Sentencia a la licenciada Colón Cordovés personalmente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera

                            Secretario del Tribunal Supremo