EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------------------|
| | 2017 TSPR 25 |
| Gerán González Acevedo | 197 DPR ____ |
| | |

Número del Caso: TS-9,391

Fecha: 14 de febrero de 2017

Abogado del Querellado:

      Por Derecho Propio

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús
      Director

Materia: Conducta Profesional – La Suspensión será efectiva el 24 de febrero de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | **Núm.** TS-9,391 |
| Gerán González Acevedo | |

*PER CURIAM*

San Juan, Puerto Rico, a 14 de febrero de 2017.

En esta ocasión, nos corresponde ordenar la suspensión inmediata e indefinida de un profesional del Derecho por violar los cánones 9, 18 y 38 del *Código de ética profesional*, 4 LPRA Ap. IX, C.9, 18 y 38.

**I**

El Lcdo. Gerán González Acevedo fue admitido a la profesión de la abogacía el 29 de diciembre de 1976 y de la notaría el 17 de enero de 1977. La presente acción disciplinaria se remonta a la inspección de la obra notarial del abogado González Acevedo efectuada en el año 2014. De la referida inspección, la Lcda. Margarita Portalatín Aguilar, Inspectora de Protocolos y Notarías, identificó un patrón reiterado de remisiones tardías de notificaciones de instrumentos públicos y la falta de cancelación de aranceles. Desde aquel entonces, el licenciado González Acevedo inició la subsanación de los defectos señalados por la Oficina de Inspección de Notarías (ODIN). Sin embargo, tales esfuerzos fueron insuficientes. Ante esto, -y considerando la gravedad de los defectos señalados- este Tribunal ordenó, el 11 de agosto de 2015,

la incautación de los protocolos y el único sello notarial registrado por el licenciado González Acevedo.

Posterior a la referida incautación, el abogado continuó subsanando parcialmente las deficiencias señaladas durante aproximadamente un año. Luego de múltiples oportunidades, este Tribunal emitió una *Resolución y Orden* el 19 de septiembre de 2016 confiriendo un término final e improrrogable de treinta (30) días al licenciado González Acevedo para que subsanara las deficiencias de la obra protocolar correspondiente a los años 2006, 2007, 2009, 2011 y 2012. No obstante, el 19 de octubre de 2016 venció el término sin que el licenciado González Acevedo cumpliera con lo ordenado.

En vista de ello, compareció el Lcdo. Manuel De Jesús Ávila, Director de la ODIN, quien además de alertar sobre el referido vencimiento del término, señaló ciertas prácticas indebidas de la notaría por parte del licenciado González Acevedo.[1] Así, pues, el Director de la ODIN presentó un informe especial, suscrito el 11 de octubre de 2016 por la inspectora Portalatín Aguilar quien constató la existencia de dos (2) escrituras, aparentemente, autorizadas por el licenciado González Acevedo once (11) meses luego de haberse incautado la obra y el único sello notarial registrado. Véase *Informe especial sobre obra notarial del Lcdo. Gerán González Acevedo; Notario Número*

---

[1] El licenciado González Acevedo adeuda, además, los *Índices Notariales* correspondientes a los periodos de septiembre a diciembre de 2015 y enero a septiembre de 2016; y el *Informe de Actividad Notarial Anual* del año 2010.

*9391.* La Inspectora narró que mientras se encontraba en la oficina del Lcdo. Víctor M. Soto Hernández, se personó la Sra. Ruth Miriam Miranda Nieves, una de las partes otorgantes del instrumento intitulado *Escritura número 16 de Capitulaciones Matrimoniales* con fecha del 8 de julio de 2016 (Escritura número 16). La señora Miranda Nieves entregó -tanto al licenciado Soto Hernández como a la Inspectora- la copia certificada del instrumento público para que le orientaran sobre la validez de éste.[2] De la copia de la *Escritura Número 16* consta la rúbrica, firma y un sello notarial con el nombre del licenciado González Acevedo, aunque la tipografía del grabado del sello es distinta a la del sello registrado e incautado. También, llamó a la atención de la inspectora Portalatín Aguilar que el instrumento inicia como una capitulación matrimonial, pero luego se convierte y concluye como una escritura de donación.

Posteriormente, la señora Miranda Nieves se comunicó con la Inspectora para indicarle que al visitar al licenciado González Acevedo, éste le entregó una copia simple de una escritura intitulada *Capitulaciones Matrimoniales, Número 17* de 6 de julio de 2016 (Escritura número 17). En ésta, comparece igualmente la señora Miranda Nieves como una de las partes otorgantes. Sin embargo, la *Escritura número 17* muestra algunas variaciones en la

---

[2] Surge del *Informe especial* que "[l]a señora Miranda Nieves indicó que su esposo está llevando un procedimiento de quiebra personal ante otro abogado y le preocupa el efecto que pudiera tener la escritura defectuosa contra su persona y bienes en dicho procedimiento." *Informe especial sobre obra notarial del Lcdo. Gerán González Acevedo; Notario Número 9391*, de 17 de octubre de 2016, pág. 2.

redacción en contraste con la *Escritura número 16*. Asimismo, la Escritura número 17 presenta el craso error de que se autorizó dos (2) días antes que la *Escritura Número 16*.[3]

Por su parte, el licenciado González Acevedo compareció el 7 de noviembre de 2016 mediante *Moción solicitando breve término para replicar*. Alegó que estuvo hospitalizado y solicitó un término para contestar las alegaciones relacionadas a los índices notariales, la aparición de un sello notarial con su nombre en ciertas escrituras y diversos asuntos relacionados a la subsanación de los defectos de los protocolos notariales.

Consecuentemente, el 21 de noviembre de 2016, este Tribunal emitió una *Resolución* en la que ordenó la incautación de cualquier otro sello notarial que el licenciado González Acevedo ostentara y, que dentro de un término de diez (10) días, mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía y la notaría. También, se le proveyó un término de treinta (30) días para que culminara la subsanación de los defectos de la obra protocolar correspondiente a los años 2006, 2007, 2009, 2011 y 2012.[4]

---

[3] El 7 de noviembre de 2016, la Unidad de Informes Notariales adscrito al Registro General de Competencias Notariales, recibió una solicitud presentada por la señora Miranda Nieves. En ésta, se solicitó a la ODIN que "informe si consta en el índice o está registrada [la] Escritura de Capitulaciones Matrimoniales" en la cual la señora Miranda Nieves figura como otorgante. Véase *Moción Informativa* de la ODIN 22 de noviembre de 2016.

[4] Posterior a la *Resolución* emitida por este Tribunal, el 23 de noviembre de 2016, compareció el Director de la ODIN mediante *Moción Informativa* en la cual adjuntó el *Informe de seguimiento a obra notarial incautada, protocolos 2013, 2014 y 2015 del Lcdo. Gerán*

Así las cosas, la *Resolución* fue notificada personalmente el 1 de diciembre de 2016. En vista de ello, el licenciado solicitó, el 8 de diciembre de 2016, una prórroga de cinco (5) días adicionales. Sin embargo, no fue hasta el 21 de diciembre de 2016 que el licenciado González Acevedo compareció mediante *Escrito en cumplimiento de orden y otros extremos.* Pese a que éste fue presentado tardíamente, el licenciado evidenció algunos trámites de subsanación de sus protocolos y solicitó la baja voluntaria de la abogacía. De igual forma expresó que continuaría subsanando todos los defectos pendientes en su obra notarial.

## II

El *Código de ética profesional* establece las normas mínimas de conducta que debe exhibir todo miembro de la abogacía. Así, pues, el Canon 9 de *Ética profesional*, dispone que todo abogado debe "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA AP. IX, C.9. Ante una violación a este Canon, "procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias". *In re Colón Collazo*, 2016 TSPR 184, en la pág. 2, 196 DPR ___ (2016); *In re Colón Cordovés*, 2016 TSPR 94,195 DPR ___ (2016). De

*González Acevedo*. En éste se enumeran los nuevos señalamientos de deficiencias en la obra notarial para el periodo comprendido por los años 2013 al 2015.

igual forma, este Tribunal interpretó que el Canon 9 se extiende a los requerimientos de este Tribunal y la ODIN. *In re Colón Collazo*, 2016 TSPR en la pág. 2; *In re Ezratty Samo*, et al., 2016 TSPR 19, en las págs. 8-9, 194 DPR ___ (2016).

Por otra parte, el Canon 18 del *Código de ética profesional*, 4 LPRA Ap. IX, C. 18, establece el deber de diligencia y competencia con el que debe obrar todo profesional del Derecho. En lo que nos atañe, hemos interpretado que éste Canon tiene una "modalidad distinta cuando se trata de la función notarial". *In re Portela Martínez*, 191 DPR 84, 90 (2014); *In re Ortiz Medina*, 175 DPR 43 (2008). Debido a la naturaleza de las funciones del notario y la delegación de impartir fe pública, éste tiene un deber mayor de diligencia y competencia. *In re Portela Martínez*, 191 DPR en la pág. 90; *In re Colón Ramery*, 138 DPR 793, 799 (1995). Es por ello que, "un notario que desconoce las normas jurídicas relativas al ejercicio de su profesión vulnera la naturaleza misma del notariado e incurre en una violación a las normas éticas de nuestra jurisdicción". *In re Portela Martínez*, 191 DPR, en la pág. 90; *In re Vargas Velázquez*, 190 DPR 730 (2014); *In re Ortiz Medina*, 175 DPR 43 (2008).

Como es sabido, la profesión de la abogacía y la notaría son ejes importantes en el ejercicio encomiable de impartir y adelantar la justicia en nuestra sociedad. Así, pues, requiere de una continua introspección; de ponderar si las actuaciones son cónsonas con las responsabilidades

que acarrea ser un servidor de la justicia. Véase *In re Fingerhut Mandry*, 2016 TSPR 3, 196 DPR ____ (2016). En vista de ello, el Canon 38 del *Código de ética profesional*, dispone que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". 4 LPRA Ap. IX C. 38. El precitado canon traza un deber para con la colectividad, pues, "cada abogado es un espejo en [el] que se refleja la profesión". *In re Coll Pujols*, 102 DPR 313, 319 (1974).

### III

Durante dos (2) años, el licenciado González Acevedo no tomó las acciones suficientes para subsanar la totalidad de las deficiencias notificadas por la ODIN. Pese a que este Tribunal ha brindado múltiples prórrogas, el licenciado ha sido indolente en cumplir lo ordenado. De por sí, esta conducta displicente constituye una causal para su suspensión inmediata de la profesión.

Empero, la conducta del licenciado aquí censurada, no se circunscribe únicamente a su inobservancia con las órdenes de este Tribunal y la ODIN. Estimamos que las dos (2) escrituras –en las cuales aparece la firma, sello y rúbrica del licenciado González Acevedo– fueron autorizadas por éste luego de haberse incautado su obra y sello notarial.

Respecto a este asunto, la ODIN alertó a este Tribunal sobre la alegada práctica indebida de la notaría por parte

del abogado de referencia. Posteriormente, la ODIN informó que la señora Miranda Nieves solicitó se le informara si en el índice notarial correspondiente al mes de julio de 2016 constaba la escritura de capitulaciones matrimoniales en la que ésta figura como otorgante. Así las cosas, la ODIN interpretó tal solicitud como un hecho que abona a comprobar que el licenciado González Acevedo ejerció la notaría estando inhabilitado para ello.

Por otra parte, es meritorio recordar que un Tribunal puede hacer su propia apreciación sobre los hechos sustentados en prueba documental. Véase *In re Ortiz Burnet*, 152 DPR 542, 549 (2000). En el presente caso, la ODIN adjuntó a su informe copias de las escrituras en cuestión, por lo que pudimos evaluar la forma y contenido de éstas.

Ante tales alegaciones, se le proveyó al licenciado González Acevedo un término para que se expresara sobre las dos (2) escrituras en cuestión. Sin embargo, éste nada dispuso sobre tan delicado asunto en su *Escrito en cumplimiento de orden*. En vista de lo antes mencionado, colegimos que las escrituras fueron otorgadas por el licenciado González Acevedo, en clara contravención a los Cánones 9, 18 y 38 del *Código de ética profesional*. Sin duda alguna, la autorización de tales escrituras, luego de haberse incautado el único sello notarial registrado por el licenciado González Acevedo, constituye una afrenta a la seguridad jurídica y contraviene los deberes fundamentales del notario. Ello, pues, y a modo de recordatorio, el notario es "un profesional del Derecho que ejerce una

función pública para robustecer, con una presunción de verdad, los actos en que interviene para colaborar en la formación correcta del negocio jurídico y para solemnizar y dar forma legal a los negocios jurídicos privados". Pedro Malavet Vega, *El Derecho Notarial en Puerto Rico*, pág. 84, citando a Giménez Arnau, *Derecho Notarial Español*, pág. 44. Asimismo, al examinar las escrituras en cuestión, reluce la falta de destreza en el manejo del derecho sustantivo en los negocios jurídicos allí contenidos.

El licenciado González Acevedo, a pesar de no exponer las razones por las cuales no debe ser suspendido de la profesión legal, solicitó a este Tribunal que autorizara su renuncia voluntaria a la práctica de la abogacía y la notaría. No obstante, dar paso a la petición del licenciado González Acevedo tendría el efecto de abrir las puertas al subterfugio, permitiéndole esquivar así las consecuencias disciplinarias que acarrean su incumplimiento con las obligaciones que rigen la profesión legal. Por ende, tal proceder minaría el poder inherente de este Tribunal para regular la profesión legal y velar por el más fiel cumplimiento de las normas éticas por parte de la clase togada.

Finalmente, para determinar la sanción a imponerse, requiere evaluar el historial de conducta del abogado. Así, pues, deben considerarse factores como: "si goza de buena reputación, si aceptó la falta, su sincero arrepentimiento, si realizó la conducta impropia con ánimo de lucro y cualquier otro factor pertinente". *In re Portela Martínez*,

191 DPR, en la pág. 93; *In re Díaz Nieves*, 189 DPR 1000 (2013). A esos efectos, cabe señalar que en la actualidad obra en contra del licenciado González Acevedo una queja presentada el 11 de agosto de 2016.[5]

## IV

En atención a lo anterior, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado González Acevedo. Se le impone el deber de notificar a sus actuales clientes sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena que, en un término de sesenta (60) días, subsane a sus expensas las deficiencias señaladas por la ODIN.

Notifíquese personalmente.

Se dictará sentencia de conformidad.

---

[5] Cabe hacer la salvedad que una queja ética, por sí sola, no es un hecho constitutivo de conducta impropia o mala reputación. Sin embargo, entendemos necesario hacer constar la queja pendiente, por ser éste un asunto de naturaleza ética que forma parte del expediente del licenciado González Acevedo.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Lcdo. Gerán González Acevedo

**Núm.** <u>TS-9391</u>

SENTENCIA

San Juan, Puerto Rico, a 14 de febrero de 2017

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Gerán González Acevedo. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar inmediatamente de su respectiva suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Además, se le ordena que en un término de sesenta (60) días subsane, a sus expensas, las deficiencias señaladas por la Oficina de Inspección de Notarías (ODIN).

Notifíquese personalmente.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo