EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Luis F. Mangual Acevedo | 2017 TSPR 66<br><br>197 DPR ____ |

Número del Caso: TS-17908


Fecha: 20 de abril de 2017


Abogado del Promovido:

        Por derecho Propio


Oficina de Inspección de Notarías:

        Lcdo. Manuel Ávila De Jesús
        Director


Materia: Conducta Profesional – La suspensión será efectiva el 24 de abril de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* <br><br> Luis F. Mangual Acevedo | **Núm.** <u>TS-17,908</u> |

*PER CURIAM*

San Juan, Puerto Rico, a 20 de abril de 2017

En esta ocasión, nos corresponde ordenar la suspensión inmediata e indefinida de la abogacía de un profesional del Derecho por violar el canon 9 del *Código de ética profesional*, 4 LPRA Ap. IX, C.9.

**I**

El Lcdo. Luis F. Mangual Acevedo fue admitido a la profesión de la abogacía el 17 de agosto de 2010 y a la notaría el 7 de febrero de 2011.

Para el año 2014, la Oficina de Inspección de Notarías (ODIN) notificó al licenciado Mangual Acevedo la falta de presentación de veinticinco (25) *Índices de actividad notarial mensual* y de los *Informes estadísticos de actividad notarial* correspondientes a los años 2012 y 2013. Asimismo, el letrado no había acreditado la vigencia de la fianza notarial para los años del 2011 al 2015. Pese al sinnúmero de prórrogas concedidas para que el licenciado Mangual Acevedo atendiera las deficiencias señaladas, éste

las desaprovechó. En vista de ello, el 16 de octubre de 2015, mediante *Resolución* notificada personalmente, se ordenó la suspensión inmediata e indefinida del ejercicio de la notaría del licenciado Mangual Acevedo. Véase *In re Luis F. Mangual Acevedo*, 193 DPR 985 (2015). En la referida *Resolución* se confirió al letrado un término improrrogable de treinta (30) días para que presentara los índices e informes notariales adeudados, acreditara la vigencia de la fianza notarial y se le impuso una sanción económica de quinientos ($500.00) dólares por incumplir con los requerimientos de la ODIN. Además, se le apercibió de que su incumplimiento con este nuevo término podría acarrear sanciones ulteriores.[1]

Por otro lado, durante el trámite de la notificación personal de la mencionada *Resolución*, se incautó la obra notarial del abogado, la cual fue inspeccionada. De esta inspección surgieron nuevas deficiencias, a saber, la falta de encuadernación de un protocolo, instrumentos sin enumerar, una deuda arancelaria de $1,438.00, entre otras.[2] Véase *Informe sobre estado de obra notarial incautada* de 10 de febrero de 2016.

---

[1] El 5 de noviembre de 2015 compareció el licenciado Mangual Acevedo mediante *Moción de Reconsideración*. Sin embargo, este Tribunal proveyó "no ha lugar" a ésta el 1 de diciembre de 2015.

[2] La Lcda. Enid Almenas Serrano, inspectora de la obra notarial de referencia, hace la salvedad en su *Informe* de que la ODIN desconoce la totalidad de los instrumentos públicos y testimonios autorizados por el licenciado Mangual Acevedo. Esta inexactitud es consecuencia del incumplimiento del abogado con el deber de presentar los informes sobre su actividad notarial.

El 22 de abril de 2016, concedimos al licenciado Mangual Acevedo un término de diez (10) días para mostrar causa por la cual no debía ser suspendido de la abogacía por su incumplimiento con nuestras órdenes. Así las cosas, el 10 de mayo de 2016 compareció el licenciado Mangual Acevedo, quien arguyó que confrontaba problemas de índole personal, de salud y económicos los cuales provocaron su incumplimiento con las órdenes de la ODIN y este Tribunal. Por tanto, solicitó un término de sesenta (60) días para subsanar las deficiencias de su obra notarial. A pesar de las escuetas excusas ofrecidas por el licenciado Mangual Acevedo respecto a su reiterado incumplimiento, concedimos finalmente el término solicitado mediante la *Resolución* emitida el 16 de diciembre de 2016. Además, se le apercibió nuevamente al licenciado que su incumplimiento con esta orden podría conllevar sanciones más severas, incluyendo la posible separación del ejercicio de la abogacía.

No obstante, el 2 de marzo de 2017, compareció el Director de la ODIN, el Lcdo. Manuel E. Ávila de Jesús, mediante *Moción notificando incumplimiento de orden e informe preliminar sobre el estado de la obra notarial incautada*. En ésta, el Director de la ODIN alertó que el 20 de febrero de 2017 venció el término de sesenta (60) días concedido al licenciado Mangual Acevedo sin que éste cumpliera con lo ordenado. De esta forma, el licenciado incumplió con el último término concedido para subsanar las deficiencias de su obra notarial.

## II

Todo miembro de la abogacía tiene el deber de cumplir con las normas de conducta contenidas en el *Código de ética profesional*. Entre estas, se halla el deber para con los tribunales. Sobre este particular, el canon 9 de *Ética profesional* dispone que todo abogado debe "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. AP. IX, C.9.

De esta forma, surge el deber de todo abogado de responder diligentemente a las órdenes y requerimientos del tribunal. Véase *In re Aponte Sánchez*, 178 DPR 647 (2010), 649; *In re Cubero Feliciano I*, 175 DPR 794 (2009). Por ello, reiteramos que "procede suspender inmediata e indefinidamente de la práctica de la abogacía en nuestra jurisdicción a cualquier miembro de la profesión legal que opta por ignorar nuestras órdenes y muestra indiferencia ante nuestros apercibimientos de sanciones disciplinarias". *In re González Acevedo*, 2017 TSPR 25, en la pág. 5, 197 DPR ___ (2017); *In re Colón Collazo*, 2016 TSPR 184, en la pág. 2, 196 DPR ___ (2016); *In re Colón Cordovés*, 2016 TSPR 94,195 DPR ___ (2016).

## III

En el año 2015, el licenciado Mangual Acevedo fue suspendido del ejercicio de la notaría tras éste haber incumplido con los requerimientos de la ODIN y de este Tribunal para subsanar ciertas deficiencias notariales. Como resultado de esta suspensión, fue incautada la obra

notarial del licenciado de referencia y, posteriormente, inspeccionada. De este procedimiento surgieron nuevas deficiencias, las cuales al presente tampoco fueron subsanadas.

Del historial disciplinario aquí reseñado, reluce un patrón de desidia y falta de interés desplegado por el licenciado Mangual Acevedo en su quehacer como profesional del Derecho. Durante más de dos (2) años, el licenciado ignoró nuestras órdenes y requerimientos de la ODIN. Sin duda, estos hechos constituyen una violación al canon 9 del *Código de ética profesional*. Finalmente, nos resulta inaceptable la indiferencia exhibida por el licenciado Mangual Acevedo, por lo que procede su suspensión inmediata de la profesión de la abogacía.

## IV

En atención a lo anterior, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del licenciado Mangual Acevedo. Se le impone el deber de notificar a sus clientes sobre su inhabilidad de continuar representándoles, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena que, en un término de sesenta (60) días, subsane a sus expensas las deficiencias señaladas por la ODIN.

Notifíquese personalmente.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Lcdo. Luis F. Mangual Acevedo

**Núm.** <u>TS-17,908</u>

SENTENCIA

San Juan, Puerto Rico, a 20 de abril de 2017

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía del Lcdo. Luis F. Mangual Acevedo. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a estos sobre su inhabilidad de continuar representándolos, devolver los honorarios por los trabajos no realizados e informar inmediatamente de su respectiva suspensión a cualquier foro judicial y administrativo en el que tenga casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Además, se le ordena que en un término de sesenta (60) días subsane, a sus expensas, las deficiencias señaladas por la Oficina de Inspección de Notarías (ODIN).

Notifíquese personalmente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo