EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Laura E. Figueroa Cortés | 2016 TSPR 202<br><br>196 DPR ____ |
| --- | --- |

Número del Caso: AB-2015-222

Fecha: 30 de junio de 2016

Abogado de la Promovente:

       Por derecho propio

Materia: Conducta Profesional – La suspensión será efectiva el 27 de septiembre de 2016, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Laura E. Figueroa Cortés          AB-2015-222          Queja

PER CURIAM

San Juan, Puerto Rico, a 30 de junio de 2016.

Nuevamente, nos vemos obligados a ejercer nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con su deber de contestar una queja presentada en su contra y por desobedecer las órdenes de este Tribunal.

I

El 19 de junio de 2015, el Sr. José L. Román Ruiz (promovente) presentó una queja contra la Lcda. Laura E. Figueroa Cortés (licenciada Figueroa

Cortés).[1] De conformidad con el procedimiento dispuesto en la Regla 14(c) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 14(c), el 1 de julio de 2015 la Secretaría de este Tribunal le cursó una comunicación a la licenciada Figueroa Cortés para que ésta cumpliera con su obligación de contestar la queja. La letrada incumplió.

Ante ese cuadro, la Secretaría le cursó otra comunicación, con fecha de 13 de agosto de 2015, en la que le concedió a la licenciada Figueroa Cortés un término adicional para contestar la queja.

Habida cuenta que la licenciada Figueroa Cortés incumplió con los requerimientos de la Secretaría, el 18 de diciembre de 2015, este Tribunal emitió una Resolución mediante la cual le ordenó a la abogada que contestara la queja en un término final de cinco (5) días. Además, se le apercibió que su incumplimiento conllevaría sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión. Cabe destacar que la licenciada Figueroa Cortés fue notificada personalmente el 30 de diciembre de 2015, con copia de la Resolución. A pesar de ello, la letrada incumplió con nuestra orden y no compareció.

II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de

---

[1]La Lcda. Laura E. Figueroa Cortés fue admitida a la abogacía el 18 de agosto de 2009 y prestó juramento como notario el 26 de enero de 2011.

sus funciones. *In re* De Jesús Román, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5.

Específicamente, el Canon 9 del Código de Ética Profesional dispone que los abogados y abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX, C. 9. Como corolario de ese deber, las personas que ejercen la profesión de la abogacía tienen que cumplir pronta y diligentemente las órdenes de todos los tribunales, al igual que con todas las entidades públicas que intervienen en los procesos disciplinarios contra un letrado, incluyendo la Secretaría de este Tribunal. *In re* Maldonado Nieves, 181 DPR 973, 981 (2011); *In re* Nieves Nieves, 181 DPR 25, 34 (2011). Por tanto, "asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, denota falta de respeto hacia nuestra autoridad, por lo que viola dicho Canon". *In re* Dávila Toro, res. el 5 de junio de 2015, 2015 TSPR 79, 193 DPR ___ (2015), pág. 6.

Consecuentemente, nos hemos visto obligados a disciplinar a los abogados y las abogadas que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Rivera Trani, 188 DPR 454, 460 (2013); *In re* Guzmán Rodríguez, 187 DPR 826, 829 (2013). Desatender nuestros

requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re Cepero Rivera et al.*, *supra*, pág. 10; *In re López González et al.*, *supra*, pág. 6; *In re Rivera Trani*, *supra*, pág. 461; *In re Guzmán Rodríguez*, *supra*, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re López González et al.*, *supra*, págs. 6-7; *In re Rivera Trani*, *supra*, pág. 461; *In re Guzmán Rodríguez*, *supra*, pág. 829.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la abogada de epígrafe.

### III

Este Tribunal le concedió a la licenciada Figueroa Cortés amplia oportunidad para que compareciera ante nos y contestara la queja presentada por el promovente. Ésta incumplió, en clara inobservancia a nuestras órdenes.

De lo anterior, resulta claro que la licenciada Figueroa Cortés ha incumplido y asumido una actitud despreocupada en cuanto a este asunto. Asimismo, ha tomado livianamente nuestros requerimientos y, al día de hoy, no ha comparecido ante nos para cumplir con lo ordenado.

Así pues, la dejadez y la desidia de esta abogada nos obligan a decretar que ha incumplido con su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de

Ética Profesional y satisfacer las exigencias que se han establecido para garantizar que aquellos y aquellas que ejercen la profesión jurídica cumplan diligentemente con nuestras órdenes.

IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría a la Lcda. Laura E. Figueroa Cortés.

Por otra parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la señora Figueroa Cortés y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Asimismo, se le impone a la señora Figueroa Cortés el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y

Sentencia a la Sra. Laura E. Figueroa Cortés a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Laura E. Figueroa Cortés             AB-2015-222

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de la Lcda. Laura E. Figueroa Cortés. Por otra parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la señora Figueroa Cortés y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Asimismo, se le impone a la señora Figueroa Cortés el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. Laura E. Figueroa Cortés por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo