EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Genaro Rodríguez Gerena | 2017 TSPR 40 <br><br> 197 DPR ____ |

Número del Caso: TS-5369

Fecha: 16 de marzo de 2017

Programa de Educación Jurídica Continua:

      Lcdo. José I. Campos Pérez
      Director Ejecutivo

Abogado de la parte peticionaria:

      Por Derecho Propio

Materia: Conducta Profesional – La suspensión será efectiva el 28 de marzo de 2017, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Genaro Rodríguez Gerena                    TS-5369

PER CURIAM

San Juan, Puerto Rico, a 16 de marzo de 2017.

Le corresponde a este Tribunal ejercer nuevamente su facultad inherente de regular la profesión y, de esa forma, suspender inmediata e indefinidamente del ejercicio de la abogacía a un letrado, por razón de su incumplimiento con los requisitos del Programa de Educación Jurídica Continua y por desatender los requerimientos emitidos por este Tribunal. Veamos.

I

El Lcdo. Genaro Rodríguez Gerena (licenciado Rodríguez Gerena) fue admitido al ejercicio de la

abogacía el 29 de diciembre de 1976[1] y a la práctica de la

notaría el 20 de enero de 1977.[2] En esencia, el asunto ante

---

[1]Es menester señalar que el Lcdo. Genaro Rodríguez Gerena (licenciado Rodríguez Gerena) ha sido objeto de sanciones disciplinarias en el pasado. Véase *In re Rodríguez Gerena I*, 132 DPR 693 (1993) (*Per Curiam*) (donde se le separó indefinidamente del ejercicio de la abogacía y la notaría por violaciones a los artículos 15(e) y 26 de la Ley notarial de Puerto Rico, 4 LPRA secs. 2033(e) y 2044, y al Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 35). Sin embargo, en *In re Rodríguez Gerena II*, 132 DPR 1031 (1993) (*Per Curiam*), este Tribunal, en reconsideración, limitó la sanción a la separación permanente del ejercicio de la notaría. Posteriormente, el licenciado Rodríguez Gerena fue reinstalado al ejercicio de la notaría, véase *In re Rodríguez Gerena*, 138 DPR 138 (1995) (Resolución).

El 15 de marzo de 2016, suspendimos al licenciado Rodríguez Gerena del ejercicio de la abogacía por un término de treinta días. *In re* Rodríguez Gerena, 194 DPR 917 (2016) (*Per Curiam*) (La suspensión se debió a que "el licenciado Rodríguez Gerena [había] autoriz[ado] una presunta *compraventa* de un inmueble a sabiendas de que ésta no era más que un subterfugio para que una de las partes procurara un financiamiento a través de un tercero". Íd., pág. 924. De esta forma, el letrado violó lo dispuesto en el Art. 2 de la Ley notarial de Puerto Rico, 4 LPRA sec. 2002, así como lo preceptuado en el Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 35.).

Posteriormente, el licenciado Rodríguez Gerena fue reinstalado al ejercicio de la abogacía. *In re* Rodríguez Gerena, res. el 30 de junio de 2016, 2016 TSPR 144, 195 DPR ___ (2016) (Resolución) (En esa ocasión, lo censuramos por comparecer ante un foro judicial previo a su reinstalación y le advertimos que de contravenir en el futuro las normas establecidas en el Código de Ética Profesional, se exponía a la imposición de sanciones disciplinarias severas).

Actualmente, penden contra el letrado las quejas AB-2011-255, AB-2013-147 y AB-2014-133, así como la querella CP-2016-24, las cuales se mantendrán unidas a su expediente.

[2]El 12 de diciembre de 2014, el Director de la Oficina de Inspección de Notarías (ODIN) presentó una moción ante este Tribunal, en la cual solicitó que se ordenara la incautación de la obra y el sello notarial del licenciado Rodríguez Gerena; la separación del letrado del ejercicio de la notaría, y que éste subsanara las deficiencias señaladas en su obra. El 23

nuestra consideración se remonta a enero de 2015, cuando la entonces Directora del Programa de Educación Jurídica Continua (PEJC) nos informó que el licenciado Rodríguez Gerena incumplió con los requisitos reglamentarios para los periodos comprendidos entre las fechas del 1 de mayo de 2007 al 30 de abril de 2009 y del 1 de mayo de 2009 al 30 de abril de 2011.

De los anejos incluidos con el informe presentado por la Directora del PEJC, surge que el licenciado Rodríguez Gerena no pagó la cuota por cumplimiento tardío del primer periodo ni compareció a la vista informal a la que fue citado para explicar la razón de

_____

de diciembre de 2014, emitimos una Resolución mediante la cual se ordenó la incautación de la obra y el sello notarial del letrado. Igualmente, se le concedió al letrado un término de treinta días para que subsanara las deficiencias señaladas en su obra, así como un término de diez días para que mostrara causa por la cual no debía ser suspendido indefinidamente del ejercicio de la notaría.

Luego de varios trámites procesales, el 28 de octubre de 2015 emitimos una Resolución mediante la cual suspendimos indefinidamente al licenciado Rodríguez Gerena del ejercicio de la notaría. Además, se le concedió al letrado un término de diez días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. Del mismo modo, ordenamos la celebración de una vista de desacato ante el Tribunal de Primera Instancia, debido a su incumplimiento con una Resolución que emitimos el 24 de abril de 2015. Posteriormente, el Director de la ODIN presentó una moción ante este Tribunal, indicando que si bien el licenciado Rodríguez Gerena había realizado unos pagos para subsanar las deficiencias arancelarias existentes en su obra, todavía subsistía una deuda que al momento ascendía a $1,963.00. Asimismo, indicó que el letrado solicitó un término adicional para encontrar unas escrituras que hacían falta y que luego de que la ODIN indicara las deficiencias existentes, éste tendría hasta el 31 de mayo de 2016 para subsanarlas.

su incumplimiento. En lo que concierne al segundo periodo, también fue citado a una vista informal, a la cual compareció mediante escrito. El licenciado Rodríguez Gerena indicó que no había podido cumplir con los requisitos reglamentarios debido a su edad avanzada y condición de salud. Señaló que su práctica profesional se había reducido, que próximamente entregaría su obra notarial y que, además, referiría los pocos casos que tenía pendientes a otros compañeros abogados. Asimismo, solicitó que se le eximiese de cumplir con los requisitos del PEJC e indicó que había sometido el pago de la cuota por cumplimiento tardío junto con su escrito. En el referido informe, la Directora recomendó que se le concediera un término final al letrado para que subsanara las deficiencias señaladas.

Examinada la comparecencia de la Directora del PEJC, el 20 de enero de 2016 emitimos una Resolución mediante la cual le concedimos al letrado un término de treinta días para que informase sobre su cumplimiento con el PEJC. En respuesta, y de manera tardía, el licenciado Rodríguez Gerena compareció mediante *Moción cumpliendo con orden y otro extremo*. Expresó que su estado de salud era frágil y que por estar llegando al fin de su profesión y vida, cumplir con los requisitos del PEJC abonaría poco o nada a su carrera profesional. Solicitó que se le eximiese de cumplir con los requisitos del PEJC.

El 16 de diciembre de 2016, emitimos una Resolución en la cual le ordenamos al letrado que en el término de veinte días mostrase causa por la cual no debía ser suspendido de manera inmediata e indefinida del ejercicio de la abogacía por no cumplir con los requisitos del PEJC. De un informe proveniente de la Oficina de Alguaciles de este Tribunal, con fecha de 28 de diciembre de 2016, surge que, de una comunicación con el licenciado Rodríguez Gerena el 20 de diciembre de 2016, éste actualmente reside en el estado de la Florida y no tiene previsto regresar a Puerto Rico. Además, el letrado indicó que presentaría un escrito renunciando al ejercicio de la abogacía.[3] No obstante, al día de hoy, el licenciado Rodríguez Gerena incumplió con la Resolución emitida el 16 de diciembre de 2016.

## II

Sabido es que "[n]uestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la . . . abogacía en el desempeño de sus funciones". *In re* Figueroa Cortés, res. el 30 de junio de 2016, 2016 TSPR 202, págs. 2-3, 196 DPR ___ (2016) (*Per Curiam*); *In re* De Jesús Román, 192 DPR 799, 802 (2015) (*Per Curiam*). En lo que respecta a los deberes de los letrados y las letradas para con la sociedad, el aludido código impone la responsabilidad de

---

[3]El 6 de febrero de 2017, el letrado radicó en la Secretaría de este Tribunal una moción mediante la cual presentó su renuncia al ejercicio de la abogacía.

"realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2; *véase, además*, *In re* Ward Llambías, res. el 29 de abril de 2016, 2016 TSPR 83, 195 DPR ___ (2016) (*Per Curiam*). Cónsono con este deber, todo miembro de la profesión jurídica debe cumplir con los requisitos establecidos en el Reglamento del PEJC, 4 LPRA Ap. XVII-E. *Véanse, además*, *In re* Enmdas. R. Educ. Jur. Cont., 193 DPR 233 (2015) (Resolución); *In re* Ortiz Soto, res. el 1 de noviembre de 2016, 2016 TSPR 226, 196 DPR ___ (2016) (*Per Curiam*).

En reiteradas ocasiones, este Tribunal se ha "visto obligado[] a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas". *In re* Ortiz Soto, *supra*, pág. 10; *In re* Ward Llambías, *supra*, pág. 4; *In re* Arroyo Acosta, 192 DPR 848, 852 (2015) (*Per Curiam*); *In re* Rivera Trani, 188 DPR 454, 459-460 (2013) (*Per Curiam*). De esta forma, hemos señalado repetidamente que la desidia y la dejadez ante los requerimientos del PEJC, no solo constituye un gasto de recursos administrativos para el Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que impone el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2.

En armonía con lo anterior, hemos advertido a los miembros de la profesión jurídica que es su deber "contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes". *In re Figueroa Cortés*, *supra*, pág. 3; *In re Rivera Trani*, *supra*, pág. 460. Ello pues, desatender nuestros requerimientos es incompatible con la práctica de la profesión, toda vez que constituye una transgresión al Canon 9 del Código de Ética Profesional y menoscaba nuestra facultad inherente de regular la profesión jurídica. Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9. *Véanse, además*, *In re Figueroa Cortés*, *supra*, págs. 3-4; *In re Ward Llambías*, *supra*, págs. 4-5; *In re Arroyo Acosta*, *supra*, pág. 852; *In re De Jesús Román*, *supra*, pág. 803; *In re Rivera Trani*, *supra*, pág. 461. En consecuencia, "tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía". *In re Figueroa Cortés*, *supra*, pág. 4. *Véanse, además*, *In re Ortiz Soto*, *supra*, pág. 10; *In re Ward Llambías*, *supra*, pág. 5; *In re Arroyo Acosta*, *supra*, pág. 852; *In re De Jesús Román*, *supra*, pág. 803; *In re Rivera Trani*, *supra*, pág. 461.

Examinada la normativa pertinente, procedemos a exponer nuestro criterio con relación al asunto que nos ocupa.

## III

Conforme indicamos, el expediente ante nuestra consideración demuestra que el licenciado Rodríguez

Gerena reiteradamente incumplió con los requisitos del PEJC, a saber: los periodos comprendidos entre las fechas del 1 de mayo de 2007 al 30 de abril de 2009 y del 1 de mayo de 2009 al 30 de abril de 2011. En sus comparecencias ante este Tribunal y ante el PEJC, se limitó a exponer meras circunstancias personales que, según alega, constituyen *justa causa* para que se le exima de cumplir con los requisitos del PEJC. Es más, en ninguna de sus comparecencias solicitó un término o prórroga para cumplir con los requisitos de educación jurídica continua, según ordenado por este Tribunal. Tal incumplimiento, de por sí, constituye causa suficiente para que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

Ahora bien, el letrado igualmente incurrió en otras faltas éticas, a saber: (1) no compareció oportunamente ante el PEJC cuando le fue requerido, y (2) no cumplió con la Resolución emitida el 16 de diciembre de 2016, en la cual le ordenamos que en el término de veinte días mostrara causa por la cual no debía ser suspendido inmediata e indefinidamente del ejercicio de la abogacía por no cumplir con los requisitos del PEJC.

A pesar de lo anterior, el licenciado Rodríguez Gerena solicita que le eximamos de los requisitos del PEJC. Posteriormente, el letrado pretendió renunciar al ejercicio de la abogacía, en esta etapa de los procedimientos. Ante el escenario descrito, procede

denegar sus solicitudes. Lo contrario conllevaría premiar un incumplimiento reiterado a nuestras normas éticas. Es decir, conceder sus peticiones tendría el peligroso efecto de soslayar un dictamen ético cuando la evidencia que obra en el expediente demuestra una clara y reiterada inobservancia con los preceptos éticos que rigen la profesión jurídica. Por ello, no podemos avalar tales solicitudes, pues a todas luces no nos parecen meritorias.

Evidentemente, el licenciado Rodríguez Gerena ignoró tanto nuestros requerimientos como los del PEJC. Con esa actitud de indiferencia y desatención, pretende echar a un lado nuestros reiterados pronunciamientos en lo concerniente al deber y obligación ineludible de todo letrado y letrada de responder diligentemente a las órdenes emitidas por este Tribunal y el PEJC.

Ante ese cuadro, nos vemos obligados a ejercer nuestra facultad inherente de regular la profesión y, por consiguiente, suspender inmediata e indefinidamente del ejercicio de la abogacía al licenciado Rodríguez Gerena.

### IV

Al amparo de los fundamentos enunciados, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Genaro Rodríguez Gerena.

En consecuencia, se le impone al señor Rodríguez Gerena el deber de notificar a todos sus clientes sobre

su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá bajo su custodia la obra y el sello notarial del señor Rodríguez Gerena, y la examinará para rendir el correspondiente informe a este Tribunal. Advertimos al señor Rodríguez Gerena que el presente dictamen ético no le exime de atender las deficiencias señaladas por la ODIN a su obra notarial, por lo que se le ordena subsanarlas.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Genaro Rodríguez Gerena por la Oficina del Alguacil de este Tribunal, así como por correo certificado con acuse de recibo a sus últimas direcciones conocidas.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Genaro Rodríguez Gerena                    TS-5369


SENTENCIA

San Juan, Puerto Rico, a 16 de marzo de 2017.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Genaro Rodríguez Gerena.

En consecuencia, se le impone al señor Rodríguez Gerena el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

El Director de la Oficina de Inspección de Notarías (ODIN) mantendrá bajo su custodia la obra y el sello notarial del señor Rodríguez Gerena, y la examinará para rendir el correspondiente informe

a este Tribunal. Advertimos al señor Rodríguez Gerena que el presente dictamen ético no le exime de atender las deficiencias señaladas por la ODIN a su obra notarial, por lo que se le ordena subsanarlas.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Genaro Rodríguez Gerena por la Oficina del Alguacil de este Tribunal, así como por correo certificado con acuse de recibo a sus últimas direcciones conocidas.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez está inhibida.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo