EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Arlene Zambrana Ortiz | 2017 TSPR 111<br><br>198 DPR ____ |

Número del Caso: TS-7570

Fecha:    15 de junio de 2017

Abogados del promovido:

      Lcdo. Virgilio Mainardi Peralta
      Lcdo. José Ángel Rivera Rodríguez

Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director

Materia:   La suspensión será efectiva el 19 de junio de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Arlene Zambrana Ortiz

TS-7570

**_PER CURIAM_**

San Juan, Puerto Rico, a 15 de junio de 2017.

Hoy nos corresponde ejercer nuevamente nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y por no acatar las órdenes de este Tribunal.

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer medidas disciplinarias en contra de la Lcda. Arlene Zambrana Ortiz.

I

La licenciada Zambrana Ortiz fue admitida al ejercicio de la abogacía el 30 de noviembre de 1982 y prestó juramento como notaria el 19 de enero de 1983.[1] El 10 de octubre de 2014, la entonces Directora del PEJC, Hon. Geisa M. Marrero Martínez, compareció ante este Foro mediante *Informe sobre incumplimiento con requisito de educación jurídica continua* (Informe). En éste, señaló que la abogada incumplió con los requisitos del PEJC durante el periodo de 1 de agosto de 2007 al 31 de julio de 2009.[2] Por ello, el PEJC le cursó a la abogada un aviso de incumplimiento, en el cual le concedió un término de 60 días para completar los cursos y pagar la multa por cumplimiento tardío. No obstante, la licenciada Zambrana Ortiz incumplió con ambos señalamientos.

Así las cosas, el PEJC citó a la licenciada Zambrana Ortiz para una vista informal, a la cual la abogada compareció. El Oficial Examinador recomendó otorgarle una prórroga de 30 días para cumplir con los créditos requeridos y, de no poder constatar el cumplimiento,

---

[1] Cabe destacar que la Lcda. Arlene Zambrana Ortiz fue suspendida del ejercicio de la notaría el 27 de mayo de 2016. Además, en la queja AB-2014-0101, presentada en contra de la abogada, la censuramos enérgicamente por no haber observado los deberes que les imponen los Cánones de Ética Profesional a los abogados en el desempeño de sus funciones.

[2] Nótese que al momento en que el Programa de Educación Jurídica Continua refirió a la licenciada Zambrana Ortiz a este Tribunal, ella tampoco había cumplido con los requisitos del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC) durante los periodos de 2009-2011 y 2011-2013. Sin embargo, del expediente no surge que haya sido citada para vista informal por incumplimiento con esos periodos, según lo dispone la Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E.

entonces sugirió remitir el asunto ante este Tribunal. Ante ello, la abogada suscribió una prórroga final el día de la vista informal en la que se comprometió a cumplir con los créditos requeridos.

Posteriormente, la Directora del PEJC le concedió un término adicional de 20 días a la licenciada Zambrana Ortiz para cumplir con los requisitos del periodo de 2007-2009. Sin embargo, la abogada no cumplió. Luego de habérsele otorgado la oportunidad de ser oída sin que la licenciada Zambrana Ortiz cumpliera, el PEJC refirió el asunto a este Tribunal.

Por consiguiente, el 31 de octubre de 2014, emitimos una Resolución en la cual le concedimos un término de 20 días para que la licenciada Zambrana Ortiz compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por su incumplimiento con los requisitos del PEJC y por no comparecer ante el Programa cuando le fue requerido.[3] Luego de que la licenciada Zambrana Ortiz contestara mediante una *Moción en cumplimiento de orden*, el 19 de diciembre de 2014 emitimos otra Resolución, en la cual le concedimos un término adicional de 90 días para que cumpliera con los requisitos del PEJC.[4]

---

[3] Archivada en autos la copia de la notificación de la Resolución el 7 de noviembre de 2014.

[4] Archivada en autos la copia de la notificación de la Resolución el 22 de diciembre de 2014.

En respuesta, el 19 de mayo de 2015 la licenciada Zambrana Ortiz presentó una *Moción para cumplir con orden*, en la cual indicó que su incumplimiento se debía a que ella ejerce la profesión por su cuenta, es madre de dos hijos y no goza de ningún tipo de iguala o contrato gubernamental o privado. Además, indicó que había tomado un curso y tenía programado otro sobre notaría. Finalmente, ofreció disculpas por su tardanza y solicitó tiempo adicional para cumplir con las deficiencias señaladas por el PEJC. En consecuencia, el 29 de mayo de 2015 emitimos otra Resolución en la cual le concedimos un término de 20 días al PEJC para que se expresara en cuanto a lo indicado por la licenciada Zambrana Ortiz.[5]

En cumplimiento con la Resolución emitida, el PEJC presentó una *Moción en cumplimiento de resolución* mediante la cual informó que la licenciada Zambrana Ortiz tenía todos sus periodos en incumplimiento, es decir, los periodos de 2007-2009, 2009-2011 y 2011-2013. Además, indicó que el curso que la abogada alegó que tomó, todavía no había sido acreditado por el proveedor. No obstante, el PEJC aclaró que, aun de acreditarse en su día el referido curso, quedarían pendientes créditos por cumplir en todos los periodos mencionados. Consecuentemente, nos recomendó concederle a la abogada un término adicional de 90 días para cumplir con los

---

[5] Archivada en autos la copia de la notificación de la Resolución el 3 de junio de 2015.

periodos de 2007-2009, 2009-2011 y 2011-2013 y para efectuar los pagos de la cuota de cumplimiento tardío correspondientes a los periodos de 2007-2009 y 2009-2011.

Así, tras acoger la recomendación del PEJC, el 24 de agosto de 2015 emitimos una Resolución mediante la cual le concedimos un término de 90 días a la licenciada Zambrana Ortiz para que cumpliera tanto con la insuficiencia de créditos como con los pagos de la cuota de cumplimiento tardío.[6] Ante ello, la licenciada Zambrana Ortiz presentó un *Moción informativa* el 24 de febrero de 2016. En la misma señaló que había tomado dos cursos relacionados a la notaría que equivalían a 8 créditos en conjunto. A su vez, nos solicitó que le concediéramos una prórroga para continuar cumpliendo con los requisitos del PEJC.

A esos fines, el 30 de marzo de 2016 emitimos otra Resolución en la cual le concedimos un término **final e improrrogable** de 90 días para cumplir con los requisitos del PEJC.[7] A su vez, hicimos constar que los cursos deberían tener la acreditación y certificación necesaria. Finalmente, le apercibimos a la abogada que de incumplir con lo ordenado se le podría suspender de la profesión de la abogacía. Al momento, la licenciada Zambrana Ortiz no ha cumplido con nuestra Resolución.

---

[6] Archivada en autos la copia de la notificación de la Resolución el 31 de agosto de 2015.

[7] Archivada en autos la copia de la notificación de la Resolución el 31 de marzo de 2016.

II

Sabido es que nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la abogacía en el desempeño de sus funciones.[8] En lo que respecta a los deberes de los abogados para con la sociedad, el aludido código impone la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional".[9] Cónsono con este deber, todo miembro de la profesión jurídica debe cumplir con los requisitos establecidos en el Reglamento del PEJC, 4 LPRA Ap. XVII-E.[10]

En reiteradas ocasiones, este Tribunal se ha visto obligado a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas.[11] Es por eso que hemos señalado repetidamente que la desidia y la dejadez ante los requerimientos del PEJC, no solo constituye un gasto de recursos administrativos para el

---

[8] In re Rodríguez Gerena, 2017 TSPR 40, 197 DPR ___ (2017); In re Figueroa Cortés, 2016 TSPR 202, 196 DPR ___ (2016); In re De Jesús Román, 192 DPR 799, 802 (2015).

[9] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX; véase, además, In re Ward Llambías, 2016 TSPR 83, 195 DPR ___ (2016).

[10] Véanse, además: In re Enmdas. R. Educ. Jur. Cont., 193 DPR 233 (2015); In re Rodríguez Gerena, supra, In re Ortiz Soto, 2016 TSPR 226, 196 DPR ___ (2016).

[11] In re Rodríguez Gerena, supra, In re Ortiz Soto, supra; In re Ward Llambías, supra; In re Arroyo Acosta, 192 DPR 848, 852 (2015); In re Rivera Trani, 188 DPR 454, 459-460 (2013).

Programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que impone el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX.[12]

En armonía con lo anterior, hemos advertido a los miembros de la profesión jurídica que es su deber "contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes".[13] Ello pues, desatender nuestros requerimientos es incompatible con la práctica de la profesión, toda vez que constituye una transgresión al Canon 9 del Código de Ética Profesional y menoscaba nuestra facultad inherente de regular la profesión jurídica.[14] En consecuencia, esa conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía.[15]

### III

La licenciada Zambrana Ortiz incumplió con los requisitos del PEJC para el periodo de 2007-2009, por lo cual fue referida por el Programa a este Tribunal. Además, el PEJC nos informó que, en ese entonces, la

---

[12] In re Rodríguez Gerena, supra.

[13] Íd.; In re Figueroa Cortés, supra; In re Rivera Trani, supra, pág. 460.

[14] Canon 9 del Código de Ética Profesional, supra. Véanse, además: In re Figueroa Cortés, supra; In re Ward Llambías, supra; In re Arroyo Acosta, supra; In re De Jesús Román, supra, pág. 803; In re Rivera Trani, supra, pág. 461.

[15] In re Rodríguez Gerena, supra; In re Figueroa Cortés, supra. Véanse, además: In re Ortiz Soto; In re Ward Llambías, supra; In re Arroyo Acosta, supra; In re De Jesús Román, supra; In re Rivera Trani, supra.

abogada tampoco había cumplido con los periodos de 2009-2011 y 2011-2013. Ante ello, este Foro le concedió múltiples términos para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y no comparecer cuando le fue requerido. Asimismo, le apercibimos que de incumplir con nuestras órdenes estaría sujeta a la imposición de sanciones disciplinarias severas, incluyendo la suspensión de la práctica de la abogacía.

Ahora bien, el 2 de febrero de 2017 recibimos una *Certificación* del PEJC sobre el estatus actualizado de la abogada en cuanto a su cumplimiento con los requisitos del Programa. De la misma surge que la licenciada Zambrana Ortiz ya cumplió con los requisitos correspondientes a los periodos de 2007-2009 y 2009-2011. No obstante, la abogada aún no ha cumplido con los créditos de los periodos de 2011-2013 y 2013-2016. En cuanto a la multa por cumplimiento tardío, la licenciada solo pagó la deuda correspondiente al periodo de 2011-2013, es decir, aun adeuda las multas de los periodos de 2007-2009, 2009-2011 y 2013-2016.

Ante las circunstancias expresadas, no albergamos duda de que la licenciada Zambrana Ortiz, con su conducta, nos ha demostrado su falta de interés en practicar la profesión de la abogacía en esta

jurisdicción. Consecuentemente, no hay otro remedio que tomar acción disciplinaria en su contra.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida de la licenciada Zambrana Ortiz del ejercicio de la abogacía.

La licenciada Zambrana Ortiz deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In Re:

Arlene Zambrana Ortiz

TS-7570

*SENTENCIA*

En San Juan, Puerto Rico, a  15  de junio de 2017.

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida de la Lcda. Arlene Zambrana Ortiz del ejercicio de la abogacía.

La licenciada Zambrana Ortiz deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese** personalmente esta Opinión *Per Curiam* y Sentencia.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo