EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2018 TSPR 28 |
| Héctor González López | 199 DPR ____ |

Número del Caso: TS-4111

Fecha: 8 de febrero de 2018

Programa de Educación Jurídica Continua:

Lcdo. José Ignacio Campos Pérez
Director Ejecutivo

Abogado del promovido:

Por derecho propio

Materia: Conducta Profesional – La suspensión del abogado será efectiva el 26 de febrero de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re*: | TS-4111 | Conducta Profesional |
|---|---|---|
| Héctor González López | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de febrero de 2018.

Amparados en los antecedentes fácticos que esbozaremos a continuación, nos vemos precisados a suspender inmediata e indefinidamente del ejercicio de la profesión legal a un letrado que no solamente ha incumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC), sino que también ha desatendido los requerimientos de dicha oficina así como las órdenes emitidas por este Tribunal. Veamos.

I

El Lcdo. Héctor González López (licenciado González) fue admitido al ejercicio de la abogacía el 12 de enero de 1973 y a la práctica de la notaría el 1 de julio de 1975.[1]

---

[1] El 27 de febrero de 1978 emitimos una Resolución dando por terminada la fianza que garantizaba las funciones notariales del Lcdo. Héctor González López (licenciado González) y ordenándole que cesara inmediatamente el ejercicio del notariado. Ello pues, el togado adeudaba el pago de la fianza notarial y no respondió a los requerimientos del Colegio de Abogados de Puerto Rico y a las órdenes emitidas por este Tribunal al respecto.

Conforme surge del expediente personal del licenciado González, el 20 de enero de 2010, la entonces Directora del PEJC, Lcda. Yanis Blanco Santiago, le envió al letrado un *Aviso de Incumplimiento* mediante el cual le informó que no cumplió con el total de créditos requeridos por el Reglamento del PEJC para el periodo correspondiente a los años 2007-2009. Asimismo, le instruyó sobre las alternativas que tenía para subsanar dicho incumplimiento. Al no valerse de ninguna de ellas, el 24 de mayo de 2012 el PEJC le remitió una *Citación a Vista* para que el togado tuviera una oportunidad de exponer las razones que justificaban su incumplimiento. En la alternativa, le indicó que podía comparecer por escrito y someter la prueba que sustentara sus planteamientos. Finalmente, le advirtió que, de no comparecer, se remitiría el asunto a la atención de este Tribunal.

En julio de 2014, el Oficial Examinador, Lcdo. Carlos S. Dávila Pérez, preparó un informe en el que indicó que el licenciado González no compareció por escrito ni asistió a la vista informal señalada, por lo que recomendó que se remitiera el asunto ante nos. Así pues, la entonces Directora Ejecutiva del PEJC, Lcda. Geisa M. Marrero Martínez, emitió su determinación en la que le advirtió al licenciado González que, de no cumplir con las deficiencias señaladas y realizar el pago de la correspondiente multa por cumplimiento tardío, el asunto

sería llevado ante la consideración de la Junta de Educación Jurídica Continua para que determinara si, a su vez, la cuestión debía someterse a la atención de este Tribunal. Del mismo modo, le advirtió que podría referírsenos cualquier incumplimiento en periodos posteriores al 2009. Ante la incomparecencia del letrado, el asunto fue sometido ante la Junta, quien ratificó el referido ante nos.

El 15 de febrero de 2017 el Lcdo. José I. Campos Pérez, Director Ejecutivo del PEJC, presentó ante nos el *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*. En éste manifestó que el licenciado González no cumplió con los requisitos del PEJC para el periodo 2007-2009 ni efectuó el pago de la multa por cumplimiento tardío correspondiente a ese periodo. Además, informó que el letrado tampoco cumplió con los requisitos del PEJC para los periodos 2009-2011 y 2011-2013 ni efectuó el correspondiente pago de la multa por cumplimiento tardío.[2] Del mismo modo, del informe se desprende que el togado también incumplió con los requisitos del PEJC para el periodo 2013-2016.[3]

---

[2] Es menester señalar que, aunque se emitieron los correspondientes avisos por incumplimiento, el licenciado González no ha sido citado para una vista informal para dichos periodos.

[3] Al licenciado González no se le ha notificado un aviso de incumplimiento ni se le ha requerido el pago de la multa por cumplimiento tardío para el periodo 2013-2016.

El 28 de marzo de 2017 emitimos una Resolución concediéndole al licenciado González un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por faltar a su deber de tomar los cursos de educación jurídica continua requeridos y por no comparecer ante el PEJC cuando le fue solicitado.

Debido a que el licenciado González no contestó nuestra Resolución de 28 de marzo de 2017, el 30 de mayo de 2017 le concedimos un término final de diez (10) días con el mismo propósito, apercibiéndolo de que podría ser suspendido de la práctica legal. No obstante, el letrado tampoco compareció ante nos.

II

Desde que prestan juramento para ejercer la abogacía, los letrados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional". *In re Jiménez Meléndez*, 2017 TSPR 119, 198 DPR ___ (2017). El propósito principal del Código de Ética Profesional, *infra*, es establecer unas normas mínimas que rijan la conducta de los togados en nuestra jurisdicción. *In re Nazario Díaz II*, 2017 TSPR 159, 198 DPR ___ (2017); *In re García-Rodríguez Pimentel*, 2017 TSPR 128, 198 DPR ___ (2017); *In re Vázquez Bernier*, 2017 TSPR 124, 198 DPR ___ (2017).

Como parte de estas normas, el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), establece que, con el fin de viabilizar

> […] una representación adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […].

Es por ello que, conforme a nuestro poder para reglamentar la profesión legal, se les exige a los letrados que cumplan con unos requisitos de educación jurídica continua. *In re* Davis Pérez, 2017 TSPR 180, 198 DPR ___ (2017); *In re* Abreu Figueroa, 2017 TSPR 126, 198 DPR ___ (2017). En particular, deben completar veinticuatro (24) horas crédito de educación jurídica continua en un periodo de tres (3) años. Regla 6 del Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D (Supl. 2017); Regla 28 del Reglamento del PEJC, 4 LPRA Ap. XVII-E (Supl. 2017).[4]

Por otra parte, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012), le impone a los miembros de la clase togada el deber de mantener una conducta de respeto hacia los tribunales. *In re* Abreu

---

[4]    Aclaramos que el 2 de junio de 2017 aprobamos un nuevo Reglamento del Programa de Educación Jurídica Continua. Véase *In re Aprobación del Reglamento del Programa de Educación Jurídica Continua*, 2017 TSPR 91, 198 DPR ___ (2017). La Regla 41 de dicho cuerpo reglamentario dispone que cualquier procedimiento iniciado bajo los anteriores reglamentos continuará vigente, siempre y cuando sea compatible con el nuevo reglamento.

Figueroa, *supra*; *In re* Vázquez Bernier, *supra.* Esto conlleva la obligación de atender, oportuna y diligentemente, los requerimientos y las órdenes de los foros judiciales. *In re* Vázquez Bernier, *supra*; *In re* Mangual Acevedo, 2017 TSPR 66; 197 DPR ___ (2017); *In re* Marín Serrano, 2017 TSPR 34, 197 DPR ____ (2017). En esa línea, reiteramos que el hacer caso omiso a los requerimientos de un tribunal, además de quebrantar dicho canon, constituye un desafío al poder judicial y podría "conllevar sanciones disciplinarias severas, como la suspensión del ejercicio de la profesión". *In re* Avilés Vega, 2017 TSPR 56, 197 DPR ___ (2017).

Cabe destacar que el deber de respeto a los tribunales establecido en el Canon 9 del Código de Ética Profesional, *supra*, se extiende a otras entidades cuyas funciones inciden en la fiscalización de la profesión legal, a saber: la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. *In re* Davis Pérez, *supra*; *In re* Abreu Figueroa, *supra*; *In re* Montañez Melecio, 2017 TSPR 15, 197 DPR ___ (2017). En esa línea, hemos manifestado que el abogado que incumple con los requerimientos del PEJC "le falta el respeto a este Tribunal y atenta contra la ciudadanía en cuanto a la garantía que tiene de obtener servicios legales competentes que aseguren un acceso adecuado a la justicia". *In re* Davis Pérez, *supra*. Además, constituye

"una patente falta de compromiso con el deber de excelencia y competencia que impone el Canon 2 del Código de Ética Profesional". (Cita omitida). *In re* Rodríguez Gerena, 2017 TSPR 40, 197 DPR ___ (2017). Véanse, además, *In re* Davis Pérez, *supra*; *In re* Abreu Figueroa, *supra*; *In re* Cabán Arocho, 2017 TSPR 104, 198 DPR ___ (2017). Por lo cual, consistentemente hemos suspendido "indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas". *In re* Davis Pérez, *supra*. Véanse, además, *In re* Abreu Figueroa, *supra*; *In re* Zambrana Ortiz, 2017 TSPR 111, 198 DPR ___ (2017); *In re* Cabán Arocho, *supra*.

III

Una vez presentado el Informe del PEJC en cuestión, este Foro emitió dos (2) Resoluciones concediéndole término al letrado para que se expresara en torno al mismo. La última de ellas fue notificada personalmente al licenciado González. A pesar de estar apercibido de que su incumplimiento podría acarrear la suspensión de la práctica legal, el togado desobedeció nuestras órdenes. Este proceder, por sí solo, conlleva la imposición de sanciones disciplinarias severas. Del mismo modo, el hacer caso omiso a los requerimientos notificados por el PEJC también constituye una causal disciplinaria sancionable.

Por otra parte, el letrado no acreditó haber tomado los cursos de educación jurídica continua exigidos reglamentariamente. Esto a pesar de las múltiples oportunidades que tuvo para ello. Por lo cual, procede sancionar al togado con su suspensión indefinida de la práctica legal.

IV

De conformidad con el derecho aplicable, así como por la conducta exhibida por el Lcdo. Héctor González López, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos al señor Gónzalez notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Además, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale de solicitarlo. Del mismo modo, de ser solicitada la reinstalación, tomaremos en cuenta si el señor González cumplió con los requisitos

del PEJC y si satisfizo, de ser requerido, el pago de las multas por cumplimiento tardío.[5]

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor González a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

---

[5] Por virtud de nuestra determinación en *In re* Periodo de exoneración para el pago de multas por cumplimiento tardío establecidas al amparo del Reglamento del Programa de Educación Jurídica Continua, 2017 TSPR 114, 198 DPR ___, (2017), la clase togada de Puerto Rico disfruta de un periodo de exoneración que vence el 30 de junio de 2018 sobre deudas por dicho concepto. Mientras tanto, los letrados pueden cumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y están exentos del pago de las multas por cumplimiento tardío.  No obstante, esta exoneración no limita nuestro poder para exigir a la clase togada el cumplimiento con los requisitos del PEJC. *In re* Davis Pérez, 2017 TSPR 180, 198 DPR ___ (2017).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Héctor González López                TS-4111        Conducta
                                                     Profesional

SENTENCIA

En San Juan, Puerto Rico a 8 de febrero de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Héctor González López del ejercicio de la abogacía.

El señor González López deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos, e informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Asimismo, deberá acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale de solicitarlo. Del mismo modo, de ser solicitada la reinstalación, tomaremos en cuenta si el señor González López cumplió con los requisitos del Programa de Educación Jurídica Continua y si satisfizo, de ser requerido, el pago de las multas por cumplimiento tardío.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia al señor González López a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez concurre y hace constar la siguiente expresión:

> La Jueza Presidenta Oronoz Rodríguez concurre por los fundamentos expuestos en la expresión que emitió el Juez Asociado señor Estrella Martínez en In re: Reina Davis Pérez, 2017 TSPR 180, 198 DPR ___ (2017).

El Juez Asociado señor Estrella Martínez concurre y hace constar la siguiente expresión:

> El Juez Asociado señor Estrella Martínez concurre por los fundamentos contenidos en su expresión en *In re Reina Davis Pérez*, 2017 TSPR 180, 198 DPR ___ (2017).

                                        Juan Ernesto Dávila Rivera
                                        Secretario del Tribunal Supremo